<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MATTHEW A. VANDERWEERT, | : | **Civil Action No. 18-17418 (SRC)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Matthew A. Vanderweert ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from the Commissioner's decision to end Plaintiff's previously-awarded disability insurance benefits. Previously, in a determination dated March 31, 2009, the claimant was found disabled beginning on October 23, 2006. On October 24, 2014, it was determined that the claimant was no longer disabled since October 23, 2014. Plaintiff sought administrative reconsideration of the decision, and a hearing was held before ALJ Dennis O'Leary (the "ALJ") on January 22, 2018, and the ALJ issued an unfavorable

1

decision on March 12, 2018.  Plaintiff sought review of the decision from the Appeals Council. On November 18, 2018, the Appeals Council denied Plaintiff's request for review in an order which noted the supplementary evidence that Plaintiff had submitted and stated: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence."  (Tr. 2.)  The ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of March 12, 2018, the ALJ assessed Plaintiff for disability as of the day previous to the hearing.  The ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that medical improvement had occurred and that Plaintiff now retained the residual functional capacity to perform sedentary work, with certain limitations.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work.  At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff was no longer disabled within the meaning of the Act.

At the outset, this Court notes that Plaintiff has proceeded on appeal *pro se*.  "A document filed *pro se* is to be liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007). "[W]e must liberally construe the *pro se* litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name."  Dluhos v. Strasberg, 321 F.3d 365, 373 (3d Cir. 2003).

Plaintiff's opening brief is hand-written and contains two pages of argument.  This

Court, however, can discern Plaintiff's argument without difficulty: "The Social Security Administration Appeals Council refusal to review disability appeal is unfair, harmful, and contrary to this Court's precedent." (Pl.'s Br. 1.) The brief then points to two attached exhibits, the first an office note by Dr. Basch dated January 24, 2018, the second an MRI report dated May 30, 2018. The brief then points to a page from the Appeals Council's "Notice of Appeals Council Action," dated November 8, 2018, in which the Appeals Council denied Plaintiff's request for review of the ALJ's decision of March 12, 2018. (Tr. 1-3.) That document is present in the administrative record. In that Notice, the Appeals Council identified certain documents that Plaintiff had submitted to the Appeals Council, but which had not been presented to the ALJ. (Tr. 2.) The Notice gives detailed identifying information about the documents Plaintiff had submitted,[1] and stated:

> You must show good cause for why you missed informing us about or submitting it earlier.
>
> . . .
>
> We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

(Tr. 1-2.) The Notice notified Plaintiff that the Appeals Council denied the request for review.

This Court finds that Plaintiff has not asked this Court to review the ALJ's decision but,

---

[1] The Court observes that the two documents that Plaintiff has attached to the brief do not correspond exactly to any on the list offered by the Appeals Council, though this has no significance. While the office note from Dr. Basch submitted to this Court bears a date of January 24, 2018, the Notice cites an office note from Dr. Basch dated January 28, 2018, which might reflect a clerical error. As to the MRI report submitted to this Court by Plaintiff, this does not appear to correspond to any document listed by the Appeals Council. Because this Court has no authority to review the decision of the Appeals Council, whether or not the Appeals Council reviewed these documents has no relevance to the Court's decision.

3

rather, has asked this Court to review the Appeals Council decision to deny review. As will be explained in the discussion that follows, under Third Circuit law, this Court has no authority to review Appeals Council decisions.

In the opposition brief, the Commissioner raised the question of whether Plaintiff's brief might be understood to seek a remand pursuant to sentence six of 42 U.S.C. § 405(g) based on new evidence. Plaintiff's brief does not clearly articulate the legal basis for remand, but the Commissioner has identified the legally available theory of relief that most closely matches what Plaintiff seeks. This Court construes Plaintiff's brief to seek a remand to the Commissioner because of new and material evidence. The Commissioner, however, contends that Plaintiff did not expressly request a remand pursuant to sentence six of 42 U.S.C. § 405(g) in the opening brief, and thus has waived this argument. This Court does not agree. While Plaintiff may not have cited sentence six of 42 U.S.C. § 405(g) in the opening brief, it is very clear that Plaintiff seeks a remand because of new and material evidence. As already stated, in Dluhos, the Third Circuit held: "[W]e must liberally construe the *pro se* litigant's pleadings, and we will apply the applicable law, irrespective of whether he has mentioned it by name." 321 F.3d at 373. Third Circuit law does not penalize a *pro se* party for failure to mention the applicable law by name. This Court interprets Plaintiff's brief to seek a remand because of new evidence, pursuant to sentence six of 42 U.S.C. § 405(g), which states, in relevant part:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

To the extent that Plaintiff's brief is read as seeking review of the Appeals Council decision, that must be denied as unavailable under current law. This Court construes Plaintiff's brief as

seeking the relief that may be available pursuant to sentence six of 42 U.S.C. § 405(g).

Nonetheless, the Commissioner is correct that Plaintiff has not met the requirements under Third Circuit law for relief pursuant to sentence six. The Commissioner aptly cites the Third Circuit's decision in Matthews:

> We have previously held that evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence. No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review. No statutory provision authorizes the district court to make a decision on the substantial evidence standard based on the new and material evidence never presented to the ALJ. Instead, the Act gives the district court authority to remand the case to the Commissioner, but only if the claimant has shown good cause why such new and material evidence was not presented to the ALJ.

Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001) (citations omitted). Matthews states that this Court cannot review the Appeals Council decision, as Plaintiff has requested. The only relief this Court has the authority to make, in these circumstances, is a remand "if the claimant has shown good cause why such new and material evidence was not presented to the ALJ." Id. This Court finds that only one of the two pieces of evidence cited by Plaintiff is new and material, the treatment note from Dr. Bausch, which could have been relevant to the ALJ's determination that Plaintiff's disability had ended on October 23, 2014. The MRI report from May of 2018 would appear to have no relevance to the question the ALJ addressed, whether Plaintiff's disability ended in October of 2014.

While this Court finds that the January, 2018 treatment note from Dr. Bausch was new and material evidence, Plaintiff has not offered any explanation for why this evidence was not presented to the ALJ, as sentence six requires. The Court notes that the hearing before the ALJ was held on January 22, 2018, and that the date on Dr. Basch's treatment note is just a few days

later.   Third Circuit law requires Plaintiff, to obtain the remand requested, to show good cause why that evidence was not presented to the ALJ.   Plaintiff has offered no explanation.   The Court concludes that Plaintiff has failed to show good cause why this evidence was not obtained a week earlier and presented to the ALJ.[2]

To the extent that Plaintiff seeks review of the Appeals Council decision, the appeal must be denied because this Court has no authority to do otherwise.   To the extent that Plaintiff seeks a remand pursuant to sentence six of 42 U.S.C. § 405(g), based on new and material evidence, Plaintiff has failed to persuade this Court that he meets the statutory requirements, and the appeal is denied.   The Commissioner's decision is affirmed.

                                           s/ Stanley R. Chesler
                                           STANLEY R. CHESLER, U.S.D.J.

Dated: May 22, 2020

---

[2] The relevant Regulation states:

> When you submit your request for hearing, you should also submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing.   If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

20 C.F.R. § 404.935(a).